Filed 11/21/23  P. v. Romero CA4/2

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

THE PEOPLE,

      Plaintiff and Respondent,

v.

MARIO JOSE ROMERO,

      Defendant and Appellant.

E080329

(Super.Ct.No. BAF2100128)

OPINION

APPEAL from the Superior Court of Riverside County.  Joshlyn R. Pulliam, Judge.  Affirmed.

Robert L.S. Angres, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

In 2022 a jury convicted Mario Jose Romero of multiple sexual offenses against minors. He appealed his judgment. His attorney has filed a brief under the authority of *People v. Wende* and *Anders v. California*[1] raising no issues and asking us to perform an independent review of the record. Based on our independent review of the record, we find no error and affirm.

## BACKGROUND

Sometime around 2005, Romero entered a relationship with Margaret S. When he entered the relationship, Margaret S. already had three children: V.C. (born 1999), E.C. (born 2000), and J.C. (born 2004). Romero and Margaret S. eventually had their own child, Rosalie (born 2008).

Over the span of several years thereafter, Romero repeatedly sexually abused each of Margaret's children other than his own child. Romero began inappropriately touching V.C. under her clothes when she was eight years old. This included touching V.C.'s breasts and vagina, having her touch his penis, and kissing her inappropriately. He continued to touch her inappropriately with varying frequency until she was 12 or 13 years old.

Romero began inappropriately touching J.C. when she was around four years old. This included touching her breasts on top of and under her clothes as well as touching his penis to her vagina. He continued to touch her inappropriately, again with varying frequency, until she was about 15 or 16 years old.

---

[1] *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*); *Anders v. California* (1967) 386 U.S. 738 (*Anders*).

Romero began inappropriately touching E.C. when he was 12 years old. This initially involved exposing himself to E.C. and placing E.C.'s hand on his penis. Eventually this behavior escalated to having E.C. orally copulate him, and finally to Romero anally penetrating E.C. with his penis. E.C. orally copulated Romero about 18 to 20 times, and anally penetrated him once. When he was 15, E.C. told Romero he did not want to engage in any more sexual activity. Though the abuse stopped, Romero retaliated by trying to limit when he could watch television.

When the abuse was revealed to Margaret, Romero apologized to her via text message, though he did not specifically admit to sexually abusing her children.

In August 2022 the Riverside County District Attorney charged Romero via information with three counts of lewd conduct with a child under 14 (Pen. Code[2], § 288, subd. (a); counts 1, 3, & 5), three counts of forcible lewd conduct with a child under 14 (§ 288, subd. (b)(1); counts 2, 4, & 6), forcible sodomy with a child over 14 (§ 286, subd. (c)(2)(C); count 7), oral copulation of a child under 14 with an age difference of more than 10 years (§ 287, subd. (c)(1); count 8), and forcible oral copulation of a child under 14 (§ 287, subd. (c)(2)(B); count 9). The information also alleged counts 1-7 and 9 qualified as one strike offenses, as well as various factors in aggravation. (§ 667.61, subds. (b), (e)(4).)

A jury convicted Romero on all counts and found the one strike allegations true. After a court trial on the aggravating factors, the court found two true. The court

_____

[2] Unlabeled statutory citations refer to the Penal Code.

sentenced Romero to six years plus an indeterminate term of 120 years. It awarded 651 days of confinement credit, but concluded he was not eligible for conduct credits under *People v. Dearborne* (2019) 34 Cal.App.5th 250.

## DISCUSSION

We appointed counsel to represent Romero on appeal, and counsel has filed a brief under the authority of *Wende* and *Anders*, setting forth a statement of the case and a summary of the facts and asking us to conduct an independent review of the record. Counsel's brief raised three potential issues for our consideration: (1) whether the trial court erred by not awarding conduct credits, (2) whether the trial court erred by not giving instructions on lesser included offenses for counts 7 and 9, and (3) whether the trial court erred by denying Romero's motion to dismiss his felony case because the assigned judge's illness after hearing motions in limine but before selecting a jury meant there was no judge or courtroom to try the case by the time the section 1382 deadline expired. We offered Romero an opportunity to file a personal supplemental brief, and he has not done so.

We have independently reviewed the record for potential error as required by *People v. Kelly* (2006) 40 Cal.4th 106 and find no arguable error that would result in a disposition more favorable to Romero.

4

DISPOSITION

We affirm the judgment.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAPHAEL_____
J.

We concur:

RAMIREZ_____
P. J.

FIELDS_____
J.